[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10879
Non-Argument Calendar

_____

D.C. Docket No. 3:20-cv-01272-TJC-JRK

EDWARD J. RUTLAND, SR.,

Plaintiff - Appellant,

versus

RUSSELL M. NELSON,
President of Church of Jesus Christ of Latter Day Saints,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 26, 2021)

Before JILL PRYOR, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Edward J. Rutland, Sr., proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint against Russell Nelson, President of The Church of Jesus Christ of Latter Day Saints ("LDS Church"), for lack of subject matter jurisdiction.  We affirm.

This case arises out of a series of disciplinary actions the LDS Church took against Rutland, a church member.  According to Rutland's complaint and attachments thereto, in 2013 the LDS Church's "disciplinary council" placed Rutland on "disfellowshipment for conduct contrary to the laws and order of the Church."  Doc. 1-1 at 22.[1]  Rutland appealed the decision through the LDS Church's disciplinary review structure, and ultimately the disfellowshipment was upheld.  In 2015, the LDS Church released Rutland from disfellowshipment.  In 2018, however, the LDS Church again disciplined Rutland, allegedly for "[s]inging [t]oo [l]oud" and "answering too many questions."  *Id.* at 4.  The LDS Church placed Rutland "on unconditional probation," and as a result he was not permitted to enter any LDS Church property or contact any church leaders.  *Id.* at 16.  In his complaint, Rutland alleged that the LDS Church's actions were discriminatory based on his disability, veteran status, and religion.

The district court *sua sponte* dismissed Rutland's complaint without prejudice for lack of subject matter jurisdiction.  The court found that Rutland's

---

[1] "Doc." numbers refer to the district court's docket entries.

2

allegations against the LDS Church stemmed from its disciplinary actions against him, and so the "case ask[ed] the [c]ourt to answer questions of internal church governance" in contravention of the First and Fourteenth Amendments to the United States Constitution.  Doc. 5 at 2.  The court further concluded that no amendment to the complaint would "cure this problem."  *Id.*  Rutland appealed.

On appeal, Rutland appears to argue that the district court had subject matter jurisdiction to entertain his complaint because the LDS Church, as an organization that accepts resources from the government, is subject to the laws of the United States.  We review *de novo* the dismissal of a complaint for lack of jurisdiction and related factual findings for clear error.  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).[2]

Civil courts lack jurisdiction to entertain disputes involving church doctrine and polity.  *See Crowder v. S. Baptist Convention*, 828 F.2d 718, 727 (11th Cir. 1987).  Under this ecclesiastical abstention doctrine, civil courts must accept as

---

[2] Although we read briefs by *pro se* litigants liberally, issues not briefed on appeal are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Rutland's only mention of the district court's jurisdictional ruling is in a single sentence at the outset of his brief arguing that the LDS Church is subject to the laws of the United States because it accepts resources from the government.  Because he addressed it in such a perfunctory manner, Rutland arguably has abandoned any challenge to the district court's ruling.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (An appellant abandons a claim when: (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only in the "statement of the case" or "summary of the argument," (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments).  In an abundance of caution, and since he is *pro se*, we address the merits of Rutland's challenge to the extent we can discern it.

binding the decisions of religious organizations regarding the governance and discipline of their members. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 724–25 (1976) (holding that civil courts could not review a church's disciplinary decision regarding one of its members). Under a narrow exception to this doctrine, however, civil courts may still review church disputes under neutral principles if the dispute does not require consideration of religious doctrinal matters. *Jones v. Wolf*, 443 U.S. 595, 602–03 (1979).

The district court correctly determined it lacked jurisdiction to entertain Rutland's complaint. The subject matter of his dispute was purely ecclesiastical in character and necessarily would require consideration of doctrinal matters. There is no exception to the abstention doctrine based on a church receiving resources from the government. Thus, the district court did not err in dismissing the complaint.[3]

**AFFIRMED.**

---

[3] Rutland's motion for appointment of counsel is DENIED.

4